**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACQUELINE L. DUMPSON,
        Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
PH-752S-13-5961-I-1

DATE: August 8, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacqueline L. Dumpson, Philadelphia, Pennsylvania, pro se.

Rafael Melendez, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appellant's appeal for lack of jurisdiction and as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant is employed as a GS-06 Contact Representative (Teleservice Representative). Initial Appeal File (IAF), Tab 8, Subtab 17. Effective February 6, 2013, the agency suspended the appellant for 14 days for conduct that occurred in November and December 2012. *Id*., Subtab 15. On August 27, 2013, the appellant received a 30-day suspension for conduct that occurred in April 2013. *Id*., Subtab 21.

¶3      The appellant filed a Board appeal on September 20, 2013 challenging the 30-day suspension.[2] The appellant filed a second Board appeal challenging the 14-day suspension on September 25, 2013. IAF, Tab 1. For the second appeal, she checked various boxes on her initial appeal form indicating that her appeal concerned a reduction in grade, pay, or band; a suspension for more than 14 days;

---

[2] We do not address the merits of the appellant's 30-day suspension here because the Board appeal challenging that action was adjudicated separately; the administrative judge issued an initial decision in that appeal on April 30, 2014. *Dumpson v. Social Security Administration*, MSPB Docket No. PH-0752-13-5957-I-1, Initial Decision (Apr. 30, 2014). The Board's records show that the Board rejected the appellant's petition for review because it did not comply with the Board's regulations. The appellant has not filed a perfected petition for review in the case concerning her 30-day suspension.

a negative suitability determination; and a separation, demotion, or furlough for more than 30 days by reduction in force. *Id*. The administrative judge issued an acknowledgment order and ordered the appellant to submit evidence and argument on the issues of jurisdiction and timeliness. IAF, Tab 2. The agency moved to dismiss the appeal as untimely and for lack of jurisdiction because the appellant was not suspended for more than 14 days. IAF, Tab 13. In her initial decision, the administrative judge found both that the Board did not have jurisdiction over the appellant's appeal because the appellant was not suspended for more than 14 days and that the appeal was untimely filed without good cause for the delay. IAF, Tab 14 at 4, Initial Decision (ID). On petition for review, the appellant asks that the Board review her 14-day suspension, along with the 30-day suspension that was the subject of her other Board appeal. Petition for Review File, Tab 1.

¶4 The administrative judge correctly found that the Board does not have jurisdiction to review the appellant's 14-day suspension. The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant must prove jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(a)(2)(i). A "suspension" is the temporary placement of an employee in a non-pay, non-duty status for disciplinary reasons. 5 U.S.C. §§ 7501(2), 7511(a)(2). Suspensions of more than 14 days are within the Board's jurisdiction under 5 U.S.C. §§ 7512(2) and 7513(d), however, a suspension of 14 days or fewer is not an appealable action. *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010). Thus, the Board does not have jurisdiction to review the appellant's 14-day suspension.

¶5 The Board has recognized that, for purposes of finding Board jurisdiction, *consecutive* suspensions may be combined when they are based on the same reason, and has left open the possibility that non-consecutive suspensions may be combined when (1) the suspensions are based on the same reason, and (2) there is

evidence that the agency attempted to circumvent Board jurisdiction by imposing multiple suspensions of 14 days or less. *Edwards v. U.S. Postal Service*, 112 M.S.P.R. 196, ¶ 8 (2009). However, in this case, the appellant's 14-day suspension was imposed in February 2013, while her 30-day suspension was imposed in September and October 2013. IAF, Tab 8, Subtab 21. The suspensions were therefore not consecutive. *See Edwards*, 112 M.S.P.R. 196, ¶ 8. Additionally, the suspensions were imposed for non-consecutive conduct because the appellant's 14-day suspension was imposed for conduct that occurred in November and December 2012. *Id.*, Subtab 14. Her 30-day suspension was imposed for conduct in April 2013. *Id.*, Subtab 21. Finally, the record reflects that the suspensions were imposed for different reasons because the 14-day suspension was imposed for "conduct unbecoming a Federal employee, specifically, Disruption of the Workplace; Discourteous Service to a Customer; Discourteous Behavior to a Co-Worker," whereas the 30-day suspension was imposed for "Conduct Unbecoming a Federal Employee, namely inappropriate behavior toward a management official." *Id.*, Subtabs 1, 14, 15, 21. We find that the appellant's 30-day suspension cannot be combined with the 14-day suspension, as the 30-day suspension was not imposed shortly after the 14-day suspension, was based upon conduct from a different time period than the 14-day suspension, and specified a different reason for suspension. *See Edwards*, 112 M.S.P.R. 196, ¶ 8. The administrative judge therefore properly concluded that the Board does not have jurisdiction over the appellant's 14-day suspension. ID at 4. Because we agree with the administrative judge's finding regarding jurisdiction, we need not address her alternative finding regarding the timeliness of the appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.